**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In Re:<br><br>KIM DOWNS,<br>Debtor.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br>Movant,<br><br>v.<br><br>KIM DOWNS (Debtor),<br>GERALD HAWTHORNE (Co-Debtor),<br>and RUSSELL C. SIMON (Chapter 13 Trustee),<br><br>Respondents. | ) | In Proceedings Under Chapter 13<br><br>Case No. 15-31561 |

**ORDER**

THIS MATTER came before the Court on December 15, 2015, for a trial on the Motion for Relief from the Automatic Stay and Co-Debtor Stay filed by Creditor Federal National Mortgage Association.

Years of court proceedings, bankruptcy petitions, and appeals have effectively allowed the Debtor to reside in the subject property without owning the property or making regular payments for more than four years. Therefore, the Court finds it essential to provide some background as to this particular Debtor and the relevant state court and Bankruptcy Court proceedings in which she has been involved over the past several years. A review of the relevant proceedings is beneficial to understanding the Court's current position.

**State Court Proceedings**

On April 5, 2010, OneWest Bank, FSB (hereinafter "Bank"), the predecessor in interest to Creditor Federal National Mortgage Association, filed a complaint in the St. Clair County Circuit Court (hereinafter "Circuit Court") to foreclose on its mortgage on the real estate known as 3521 Steinberg Farm Road, Belleville, Illinois 62226, which at that time was owned by the Debtor in the instant case, Kim Downs.[1] Ms. Downs failed to respond to the Bank's complaint. The Circuit Court entered an Order of Default and a Judgment for Foreclosure and Sale of the property on June 24, 2010, in the amount of $319,337.68.[2]

On November 10, 2010, Ms. Downs filed a Motion to Vacate the Default Judgment.[3] Neither Ms. Downs nor her attorney appeared at the hearing, resulting in the Motion to Vacate being denied. Ms. Downs, through counsel, then filed a Motion to Reconsider the order denying her Motion to Vacate the Default Judgment.[4] The Circuit Court denied the Motion to Reconsider on April 21, 2011, finding that Ms. Downs had failed to present a meritorious defense.[5]

A judicial sale of the property was consequently held on or about April 25, 2011, at which time the Bank purchased the property for the amount of its debt.[6] The Circuit Court entered an order approving the Report of Sale and Distribution on May 19, 2011.[7] The property was then deeded to the Creditor in the instant proceeding, Federal National Mortgage Association, on May 25, 2011.[8]

---

[1] *See OneWest Bank, FSB v. Hawthorne*, 2013 IL App (5th) 11045 at ¶ 2.
[2] *See id*. at ¶ 3.
[3] *See id*. at ¶ 4.
[4] *See id*. at ¶ 6.
[5] *See id*. at ¶ 7.
[6] *See id*. at ¶ 8.
[7] *See id*.
[8] *See* Exhibit to Creditor's Motion for Relief from the Automatic Stay and Co-Debtor Stay (doc. 17).

On May 25, 2011, Ms. Downs, through counsel, filed a Motion to Reconsider the order approving the foreclosure sale.[9] According to an Amended Motion to Reconsider the order approving the foreclosure sale, Ms. Downs alleged that the Bank had not complied with a Consent Order between the Bank and the Office of Thrift Supervision. Said Consent Order, dated April 13, 2011, required the Bank to conduct an independent review of residential foreclosure proceedings pending between January 1, 2009 and December 31, 2010.[10] Ms. Downs alleged that because of the Bank's alleged noncompliance with the Consent Order, the transfer of the ownership of the note and mortgage was falsely attested to, the Bank did not have standing to bring the original foreclosure action, and the Bank may have committed fraud upon the Circuit Court.[11] The Circuit Court denied Ms. Downs' Amended Motion to Reconsider on July 21, 2011.[12]

Acting *pro se*, Ms. Downs then filed a Petition to Reopen/Vacate Judgment Pursuant to 735 ILCS 5/2-1401 and/or Motion to Set Aside for Misrepresentation, raising the same issues presented in her Amended Motion to Reconsider.[13] The Circuit Court denied the Petition on October 27, 2011, again finding that Ms. Downs had failed to establish the existence of a meritorious defense that was likely to succeed.[14]

Ms. Downs appealed the denial of the Petition to the Illinois Appellate Court for the Fifth District on October 28, 2011. Reviewing the lower court's denial of Ms. Downs' section 2-1401 Petition *de novo*, the Appellate Court affirmed the Circuit Court's ruling on March 12, 2013. The Appellate Court found that Ms. Downs did not have a meritorious defense or claim, as she

---

[9] *See OneWest Bank, FSB v. Hawthorne, 2013 IL App (5th) 11045*. at ¶ 9.
[10] *See id*. at ¶¶ 9-10.
[11] *See id*. at ¶ 12.
[12] *See id*. at ¶ 13.
[13] *See id*. at ¶ 14.
[14] *See id*. at ¶ 15.

had failed to state any specific factual allegations supporting her claim that the Bank did not have standing to bring the foreclosure action.[15] Likewise, Ms. Downs had not established that the documentation relating to her mortgage was defective.[16] Furthermore, the Appellate Court noted that Ms. Downs had been given the opportunity to raise these issues in the foreclosure action and did not present a reasonable excuse for failing to do so.[17]

On October 29, 2013, Ms. Downs filed a complaint in the Circuit Court against the Bank and two other defendants, FSB Federal National Associates and Quicken Loans, Inc. Ms. Downs again alleged that the Bank had not followed proper foreclosure procedures, had not been the legal holder of the mortgage and note, and had lacked standing in the foreclosure action. She sought several million dollars in damages.[18] The Bank moved to dismiss the complaint, arguing that the complaint was barred by *res judicata* pursuant to Illinois Code of Civil Procedure Section 2-619(a)(4).[19] On February 11, 2014, the Circuit Court granted the Bank's Motion to Dismiss Ms. Downs' complaint with prejudice.[20] Ms. Downs appealed the Circuit Court's dismissal.

The Illinois Appellate Court for the Fifth District reviewed the order of dismissal *de novo*. In its order dated April 29, 2015, the Court found that Ms. Downs' complaint was in fact barred by the doctrine of *res judicata*.[21] Ms. Downs' complaint had raised precisely the same issues she had raised in the foreclosure action. Both claims had arisen from a single group of operative facts regarding the mortgage, nonpayment of installments, ownership of the mortgage, and the Bank's foreclosure procedures, and the Circuit Court had rendered a final judgment on

---

[15] *See id*. at ¶ 26.
[16] *See id*.
[17] *See id*. at ¶ 27.
[18] *See Downs v. OneWestBank, FSB*, 2015 IL App (5th) 140086-U at ¶ 8.
[19] *See id*. at ¶ 9.
[20] *See id*. at ¶ 10.
[21] *See id*. at ¶ 14.

the merits in the foreclosure action. Again, the Appellate Court noted that Ms. Downs could have raised these arguments prior to the foreclosure sale but failed to do so.[22] The Appellate Court held that "[b]y the time Downs filed her lawsuit against the Bank, her opportunity to litigate mortgage and foreclosure issues had passed. The doctrine of *res judicata* clearly barred her lawsuit." *Downs v. OneWest Bank, FSB*, 2015 IL App (5th) 140086-U at ¶ 17.

**Bankruptcy Proceedings**

Case No. 13-31802

Following the foreclosure action and during the pendency of her state court proceedings, Ms. Downs has filed for Chapter 13 bankruptcy three separate times in this Court. Ms. Downs filed her first bankruptcy case, no. 13-31082, on June 11, 2013. Said case was dismissed on July 3, 2013, for failure to comply with an order requiring her to file documents.

Case No. 13-31457

Ms. Downs filed her second Chapter 13 bankruptcy case, no. 13-31457, on August 7, 2013. On August 12, 2013, Creditor Federal National Mortgage Association (hereinafter "Creditor") moved for relief from the automatic stay.[23] This Court granted the Motion for Relief in court on October 8, 2013, and entered a written Order on October 22, 2013, finding that no automatic stay was in effect pursuant to 11 U.S.C. § 362(c)(3) (terminating the automatic stay on the 30th day after filing for a debtor in a case under Chapter 13 if the debtor had another case pending within the preceding one-year period dismissed). Ms. Downs filed a Motion to Reconsider, which was denied on November 26, 2013. Ms. Downs appealed the denial of her

[22] *See id*. at ¶ 17.
[23] As noted on page 2 of this Order, Creditor was deeded the subject property on May 25, 2011.

Motion to Reconsider to the United States District Court for the Southern District of Illinois on December 9, 2013.

Meanwhile, this Court conducted a hearing on the Creditor's Objection to Confirmation of Ms. Downs' Chapter 13 plan on December 12, 2013, sustaining the Objection and ordering Ms. Downs to file an amended plan within 30 days. Ms. Downs failed to file an amended plan, and her bankruptcy case was dismissed on January 14, 2014. Ms. Downs filed a second Notice of Appeal to the District Court on February 5, 2014, this time appealing the dismissal of her chapter 13 case.

The District Court dismissed both appeals. As to Ms. Downs' appeal of the denial of her Motion to Reconsider, the District Court dismissed Ms. Downs' appeal based on her failure to file requested documents, including her designation of record, statement of issues to be presented, and opening brief. The District Court then dismissed with prejudice Ms. Downs' appeal of the dismissal of her case, citing her failure to comply with Court rules and procedures.

Ms. Downs appealed both of the District Court's dismissals to the Seventh Circuit Court of Appeals. The Seventh Circuit dismissed the appeal regarding Ms. Downs' Motion to Reconsider the order granting Creditor's motion for relief from stay on August 13, 2015. The Court stated that it lacked jurisdiction pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure (requiring that notice of an appeal in a civil case be filed in district court within 30 days from the entry of judgment). On September 23, 2015, the Seventh Circuit dismissed Ms. Downs' appeal regarding the dismissal of her chapter 13 case, citing Ms. Downs' procedural errors and omissions.

Case No. 15-31561

Ms. Downs filed the instant chapter 13 case on October 5, 2015, less than two weeks after her second appeal to the Seventh Circuit was dismissed.

On October 30, 2015, Creditor filed its Motion for Relief from the Automatic Stay and Co-Debtor Stay (hereinafter “Motion”), setting forth the relevant facts regarding the foreclosure and sale of the subject property. Creditor asserts that despite the confirmation of said foreclosure sale and the numerous failed attempts by Ms. Downs to retain possession of the subject property both in state and federal court, Ms. Downs has continued to reside in the property. Therefore, Creditor seeks relief from the stay in order to assert its possessory rights as owner of the property.

Ms. Downs, proceeding *pro se* at the time, filed an objection to Creditor’s Motion. The objection is largely incoherent and jumbled, but the gist of Ms. Downs’ argument is again based on her notion that the foreclosure sale was fraudulent and invalid. Ms. Downs’ objection effectively asks the Bankruptcy Court to act as an appellate court to the state court, to find that the sale of the subject property was fraudulent, and therefore to allow her to pay through her chapter 13 plan the mortgage on a home that she no longer owns.

The trial on Creditor’s Motion was set for December 15, 2015, and the parties filed short briefs on their positons. In support of its Motion, Creditor cites 11 U.S.C. § 1322(c)(1) and the Seventh Circuit case of *Colon v. Option One Mort. Corp.*, 319 F.3d 912 (7th Cir. 2003).

Ms. Downs retained counsel to represent her in the trial. She filed her response brief, as well as her Proposed Findings of Fact and Conclusions of Law, on December 14, 2015. For her response brief, Ms. Downs simply states that she has a possessory right of the property under 11

U.S.C. § 541(a)(1), as she currently resides there. She again raises the argument that the judicial sale was fraudulent and invalid.

Amazingly, Ms. Downs' own Proposed Findings of Fact and Conclusions of Law state that she is the "owner" of the property. This is despite the fact that Ms. Downs also acknowledges that a foreclosure sale of the property took place and that the foreclosure sale was confirmed, resulting in a deed transferring the property.

**11 U.S.C. 1322(c)(1) and *Colon***

Section 1322(c)(1) of the Bankruptcy Code governs whether a debtor may cure a default on residential real estate through a Chapter 13 plan. Subsection (c)(1) states that "a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law . . . ." 11 U.S.C. § 1322(c)(1).

In *Colon v. Option One Mort. Corp.*, 319 F.3d 912 (7th Cir. 2003), the Seventh Circuit discussed whether, under Illinois law, the time by which a debtor may cure a default on his or her principal residence ends at the time a foreclosure sale is held or extends until the judicial confirmation of the sale. The *Colon* Court held that a debtor's opportunity to cure such a default ends when the foreclosure sale is held. *See id.* at 921.

In the instant case, not only has the judicial foreclosure sale been held, but the order of confirmation of the sale was approved by the Circuit Court over four years ago. Ms. Downs appealed said foreclosure sale, and the Illinois Appellate Court found that Ms. Downs could present no meritorious defense. At the trial on Creditor's Motion for Relief on December 15, 2015, both Creditor and Ms. Downs stipulated that a foreclosure sale of the property occurred in

April 2011 and that said sale was confirmed by the state court on May 19, 2011. Ms. Downs was given an opportunity to testify at the trial to clarify her position, but she chose not to testify.

Pursuant to the holding in the *Colon* case, Ms. Downs' opportunity to cure the default on her mortgage ended as soon as the property was sold in April of 2011. Clearly, her opportunity to cure the default on her mortgage has long passed.

## Conclusion

Ms. Downs has repeatedly asked this Court to effectively act as an appellate court to the state courts. However, Ms. Downs has been afforded multiple opportunities to present her arguments. She has taken her cases through the state Circuit and Appellate Courts, the Bankruptcy Court, the District Court, and the Seventh Circuit Court of Appeals. Despite all of these opportunities, Ms. Downs still asks that this Court allow her to pay her mortgage in a chapter 13 case through a plan that makes payments for more than 30 years.[24] Ms. Downs conceded during the trial that nothing about her case or her arguments has changed. She simply asserts that the foreclosure sale was invalid, just as she argued in the state court many years ago. But the Bankruptcy Court is not a forum for Ms. Downs nor for any other party to seek a reversal or reexamination of a decision that has already been made by multiple courts.

At the trial on Creditor's Motion for Relief on December 15, 2015, both Creditor and Ms. Downs stipulated that a foreclosure sale of the subject property occurred in April 2011 and that said sale was confirmed on May 19, 2011. Ms. Downs produced no evidence to the contrary but instead stipulated to these facts, both at the hearing and in her Proposed Findings of Fact and Conclusions of Law. Ms. Downs' own stipulation as to the fact that the subject property was

[24] In Paragraph 3A of her Chapter 13 plan, filed October 5, 2015, Ms. Downs proposes to make payments to OneWest Bank in the amount of $1,406.09 per month from March 2010 through March 2046.

sold in 2011 only reinforces Creditor's contention that Creditor is the legal owner of the subject property and is therefore entitled to relief from the automatic stay.

Therefore, IT IS ORDERED that Creditor's Motion for Relief from the Automatic Stay and Co-Debtor Stay is GRANTED. Creditor may enforce its rights against the Debtor and Co-Debtor named above and against the property located at 3521 Steinberg Farm Road, Belleville, Illinois 62226. For such purpose, the automatic stays of 11 U.S.C. §§ 362 and 1301 are terminated.

IT IS FURTHER ORDERED that the provisions of Federal Rule of Bankruptcy Procedure 4001(a)(3) do not apply to this Order, and enforcement of this Order shall not be stayed for 14 days.

Counsel for the moving party shall serve a copy of this Order by mail to all interested parties who were not served electronically.

ENTERED: December 30, 2015

/s/ Laura K. Grandy

UNITED STATES BANKRUPTCY JUDGE/11